ALBERT W. MILLER, APPELLEE, V. CITY OF SCOTTSBLUFF, APPELLANT.

FILED FEBRUARY 21, 1936. No. 29528.

*Straight Townsend,* for appellant.

*Mothersead & York, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

The petition alleged that defendant is a city of the first class, having between 5,000 and 25,000 inhabitants; that the mayor and city council, by ordinances effective, respectively, February 7, 1928, and November 13, 1928, created sewer districts numbered 32 and 35, within the city; that on February 23, 1928, and February 28, 1929, respectively, they entered into contracts for the construction of the sewers contemplated, the contractor constructed the same, warrants were issued on April 4, 1928, and on May 7, 1929, respectively, to the contractor for the amounts due him under the contracts, and that certain described warrants were transferred by the contractor to plaintiff, who is the owner and holder thereof, and entitled to payment; and that no part of the warrants or of the contract price represented thereby has been paid.

Defendant demurred to the petition, the demurrer was overruled, defendant elected to stand on its demurrer, judgment was entered against it and it appealed. It assigns that the judgment is contrary to the evidence and contrary to law.

For further amplification of the brief statement of the petition, it may be said that the warrants, which were pleaded, all show on their faces that they were charged to the account of the respective sewer district funds. They were all indorsed by the treasurer as registered and presented but not paid for want of funds. The warrants in one district were so indorsed on April 4, 1928, and those in the other district on May 7, 1929. They were registered the same day they were issued. We think we have fully stated every material allegation of the petition.

The appellee states in his brief: "The city has failed to create a fund for the payment of these warrants." No-

where in his petition do we find any such allegation. Perhaps the implications from the petition are that funds were created, for, as we have stated, the warrants all show that they were charged to the respective sewer funds. For example, the first one pleaded says: "And charge to account of Sewer District No. 32 fund, for final estimate." All warrants bear like words save that some are attributable to district No. 35, these two districts being the only ones involved in this action.

Not only does the petition not set out clearly that a fund has been established or created, but it particularly fails to allege that, through some act of commission or of omission of the city, such a fund fails to serve its purpose, whereby the warrants have become the general obligation of the city, due and payable. If the mayor and city council followed section 16-649, Comp. St. 1929, and assessed the sewer taxes against the abutting property, and followed section 16-650, Comp. St. 1929 (which is the section under which payment of the contractor by the warrant method is provided for), then it was the duty of the city to provide a fund into which all special assessments "shall be paid, as collected, and out of which all warrants issued for such purposes shall be paid." For aught we know from the allegations of the petition, the city made the special assessments and created the fund but is endeavoring to collect a sufficient amount to reach in their turn and pay off the warrants held by petitioner. It may even be true that the city has the funds already collected and is waiting until plaintiff shall state a cause of action against it. The absence of facts stated in the petition bars speculation as to just how or why these warrants are general obligations of the city. That, as we understand it, is the theory on which plaintiff must recover, if at all.

We are of the opinion the plaintiff has failed to state a cause of action against the city and that the demurrer should have been sustained.

The judgment of the district court is reversed, with leave to plaintiff, if so advised, to amend his petition.

REVERSED.